## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
|  | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
|  | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF HOMELAND SECURITY, | ) | |
| Office of the General Counsel | ) | |
| 245 Murray Lane SW | ) | |
| Mailstop 0485 | ) | |
| Washington, DC 20528, | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American

public to inform them about "what their government is up to."

4.      Defendant United States Department of Homeland Security is an agency of the

United States Government and is headquartered at 245 Murray Lane SW, Washington, DC

20528.  Defendant has possession, custody, and control of records to which Plaintiff seeks

access.

## STATEMENT OF FACTS

5.      On December 29, 2015, Plaintiff submitted a FOIA request to Defendant seeking

the following:

1.      Any and all emails regarding, concerning, or relating to
        official United States Government business sent to or from
        DHS Secretary Jeh Johnson from December 23, 2013
        through the present date in which Secretary Johnson used
        non-".gov" email addresses.

2.      Any and all emails regarding, concerning, or relating to
        official United States Government business sent to or from
        DHS Deputy Secretary Alejandro Mayorkas from
        December 23, 2013 through the present date in which
        Deputy Secretary Mayorkas used non-".gov" email
        addresses.

3.      Any and all emails regarding, concerning, or relating to
        official United States Government business sent to or from
        DHS Chief of Staff Christian Marrone from December 23,
        2013 through the present date in which Mr. Marrone used
        non-".gov" email addresses.

4.      Any and all emails regarding, concerning, or relating to
        official United States Government business sent to or from
        DHS General Counsel Stevan Bunnell from December 23,
        2013 through the present date in which Mr. Bunnell used
        non-".gov" email addresses.

All four individuals identified in the request were agency officials at the time Plaintiff submitted

the request, and at least three, Secretary Johnson, Deputy Secretary Mayorkas, and Mr. Bunnell,

remain in office.

6.      On information and belief, for security reasons Defendant blocks all agency

personnel from accessing private, internet-based email accounts on agency computers.  Also on

information and belief, Defendant granted "waivers" to each of the four officials referenced in

Plaintiff's FOIA request, and as many as 25 other agency officials, authorizing their use of non-

".gov" email accounts to conduct official agency business.  Also on information and belief,

Defendant "unblocked" these officials' agency computers to enable them to access their private,

internet-based email accounts to conduct official agency business.  On further information and

belief, Defendant knows the identity of the private email addresses used by these officials to

conduct official agency business.  According to records Defendant produced to Plaintiff in

response to a separate FOIA request, the two private email address(es) used by Secretary

Johnson to conduct official agency business begin with "JCJ" and "jcjs1," respectively, and the

private email address used by Deputy Secretary Mayorkas begin with "ANMS2."  The remainder

of these addresses are known to Defendant, but was redacted from the records.

7.      On January 20, 2016, Defendant sent a letter to Plaintiff acknowledging receipt of

the request on January 6, 2016 and advising Plaintiff that the request had been assigned FOIA

Request No. 2016-HQFO-00172.  Defendant's letter asserted that Plaintiff's request "is too

broad in scope or did not specifically identify the records which you are seeking."  The letter

asked Plaintiff to resubmit the request "containing a reasonable description of the records you are

seeking."  It continued:

> If we do not hear from you within 30 days from the date of this letter, we will
> assume you are no longer interested in this FOIA request, and the case will be

administratively closed.  Please be advised that this action is not a denial of your request and will not preclude you from filing other requests in the future.

The letter did not advise Plaintiff that it could file an administrative appeal.

8. Shortly after receiving Defendant's letter, Plaintiff telephoned Defendant to discuss both the letter and Plaintiff's request.  Defendant represented to Plaintiff during the telephone call that a further response to Plaintiff's request would be forthcoming.

9. On January 25, 2016, Defendant sent Plaintiff an email reaffirming its position that the request was overly broad and advising Plaintiff that its January 20, 2016 letter was the agency's "final response."  The email also stated that Defendant "can only search gov (sic) email accounts, and we need a subject matter with keywords to search a large timeframe."  The email further stated, "If a government employee used a personal email account for official business, they are supposed to forward the email to their government email account for record keeping purposes," although, on information and belief, Defendant established no mechanism or audit process for ensuring that employees follow this procedure.  As with the January 20, 2016 letter, the January 25, 2016 email did not advise Plaintiff that it could file an administrative appeal of Defendant's "final response."

10. As of the date of this Complaint, Defendant has failed to:  (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552

11.     Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.     Plaintiff's request identifies by name the four officials whose records are sought (Secretary Johnson, Deputy Secretary Mayorkas, Chief of Staff Marrone, and General Counsel Bunnell) and specifies the time frame of the records (December 23, 2013 to the date of the request).  The locations of the records (the unblocked, private email accounts authorized by Defendant and for which Defendant granted waivers) are well known to Defendant, and the request makes clear that Plaintiff seeks all records in these agency-authorized, unblocked accounts that concern or relate to official government business.  Consequently, the requested records are described in reasonably sufficient detail to enable a government employee to locate them without placing an unreasonable burden on Defendant.  The request is not overly broad.

13.     By granting waivers to the four officials identified in the request, authorizing these officials to use private email accounts to conduct official, agency business, and unblocking their agency computers so that they can use their private email accounts to conduct official, agency business, Defendant has asserted ample control over any emails in the accounts that were created or obtained by the officials for purposes of conducting government business such that the records are agency records subject to FOIA.  By failing to search these accounts for records responsive to Plaintiff's request, Defendant is violating FOIA.

14.     Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

15.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request on January 6, 2016.  Because the request was sent to the component of Defendant designated by Defendant's regulations to receive FOIA requests, Defendant had an additional ten (10) working days in which to issue its determination.  Accordingly, Defendant's determination was due on or about April 18, 2016.  At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

16.     Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

- 7 -

Dated:  May 23, 2016

Respectfully submitted,

*/s/ James F. Peterson*

James F. Peterson
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*