**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.,                )
                                     )
                    Plaintiff,       )
      v.                             )
                                     )
UNITED STATES DEPARTMENT             )        Civil Action No. 1:16-00967 (RDM)
  OF HOMELAND SECURITY,              )
                                     )
                    Defendant.       )
_____  )

**PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Judicial Watch, Inc., by counsel and pursuant to Rule 56(c) of the Federal Rules

of Civil Procedure, hereby cross-moves for summary judgment against Defendant Department of

Homeland Security.  As grounds therefor, Plaintiff respectfully refers the Court to the

accompanying Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's

Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary

Judgment and Plaintiff's Response to Defendant's Statement of Material Facts As To Which

There Is No Genuine Dispute and Plaintiff's Statement of Undisputed Material Facts in Support

of Plaintiff's Cross-Motion for Summary Judgment.

Dated:  November 21, 2016                    Respectfully submitted,

                                             */s/ James F. Peterson*
                                             James F. Peterson
                                             D.C. Bar No. 450171
                                             JUDICIAL WATCH, INC.
                                             425 Third Street SW, Suite 800
                                             Washington, DC 20024
                                             (202) 646-5172

                                             *Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | Civil Action No. 1:16-00967 (RDM) |
| OF HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Judicial Watch, Inc., by counsel and pursuant to Rule 56(c) of the Federal Rules

of Civil Procedure, respectfully submits this memorandum of points and authorities in opposition

to the motion for partial summary judgment of Defendant United States Department of

Homeland Security ("DHS") and in support of Plaintiff's Cross-Motion for Summary Judgment.

As grounds therefor, Plaintiff states as follows:

### I.      Introduction.

DHS allowed its most senior officials to conduct government business through private

email accounts.  Now, in response to an entirely proper FOIA request, the agency claims that the

emails are essentially inaccessible, as they are intermingled with thousands of private emails.

Any difficulty that might exist does not relieve the agency of its responsibilities under FOIA.

The agency created this situation by issuing waivers to its most senior officials and not creating a

mechanism to assure the accessibility of official emails through FOIA.  By failing to search these

private accounts for records responsive to Plaintiff's request, DHS is violating FOIA.  DHS must

search for and promptly produce all non-exempt, responsive records.

## II.      Statement of Facts.

Plaintiff does not dispute DHS's recitation of facts related to the processing of Plaintiff's FOIA request.  *See* Defendant's Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment ("Def's Mem.") at 2-4.  DHS, however, failed to address perhaps the most significant fact of this case: the agency created the difficulty it now complains of by issuing waivers to agency officials authorizing them to use private email accounts to conduct agency business without taking any steps to ensure that the records were accessible through FOIA.

For security reasons, DHS apparently blocks all agency personnel from accessing private, internet-based email accounts on agency computers.  *See* Exhibit A (Josh Rogin, "Homeland Security Leaders Bent Rules on Private E-Mail," Bloomberg View (July 20, 2015)).  DHS, however, granted "waivers" to each of the four officials referenced in Plaintiff's FOIA request, and as many as 25 other agency officials, authorizing their use of non-".gov" email accounts to conduct official agency business.  DHS "unblocked" these officials' agency computers to enable them to access their private, internet-based email accounts to conduct official agency business. Shortly after public revelation of the practice, the waivers were revoked.  *See* Exhibit B (NBCNEWS.com, "Sec. Jeh Johnson, 'Whoops' on Using Personal Email at DHS" (July 21, 2015)).

DHS provides no evidence that agency officials were directed to or forwarded all, or even most, emails involving official business in their private email accounts to their official government accounts.  DHS also provides no evidence these emails in private accounts were copied, printed, or otherwise preserved in any way, such that the agency could comply with its responsibilities under FOIA.

### III.    Summary Judgment Standard.

In FOIA litigation, as in all litigation, summary judgment is appropriate only when the pleadings and declarations demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Fed. R. Civ. P. 56(c).  In FOIA cases, agency decisions to "withhold or disclose information under FOIA are reviewed *de novo*." *Judicial Watch, Inc. v. U.S. Postal Service*, 297 F. Supp. 2d 252, 256 (D.D.C. 2004).  In reviewing a motion for summary judgment under FOIA, the court must view the facts in the light most favorable to the plaintiff. *Weisberg v. U.S. Department of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

### IV.    Plaintiff's Request Was Specific, Reasonable, and Proper.

A FOIA requester's description of the records it seeks is reasonable if it "enable[s] a professional employee of the agency who [i]s familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990) (quoting H.R. Rep. No. 93-876, at 6 (1974), reprinted in 1974 U.S.C.C.A.N. 6267, 6271) (internal quotation mark omitted).  The D.C. Circuit has held that the "linchpin inquiry" in determining whether a FOIA request properly describes the records sought is "whether the agency is able to determine precisely what records (are) being requested." *Yeager v. Drug Enf't Admin.*, 678 F.2d 315, 326 (D.C. Cir. 1982) (internal quotation marks omitted).

In this case, DHS claims the request lacks "specificity" and would be "unreasonably burdensome" to comply with.  First, DHS complains about the formulation of the requests, arguing that "regarding, concerning, or relating" lacks "specificity."  Mot. at 6-7.  On the contrary, the requests – seeking emails involving "official United States Government business" – are clear and plainly were understood by the agency.  DHS's own conduct confirms that it had no

trouble understanding the records sought by the request.  Otherwise, the agency could not have directed the "relevant custodians" to "preserve potentially responsive records" if the request did not "reasonably describe" the records.  *See* Dkt. Entry No. 10 (Def's Status Report at 2).  Nor could DHS have asked Mr. Marrone, the fourth official no longer with DHS, to return records from his email account if the agency did not understand the request.  *Id*.  Finally, DHS appeared at a status conference before the Court on August 29, 2016 and it was never suggested that DHS did not understand the request.  Dkt. Entry No. 9 (Transcript of Status Conference).  Plainly, the request was sufficiently "specific."

DHS further claims that seeking all emails involving government business from private email accounts is "unreasonably burdensome."  Opp. at 7.  DHS relies *on Landmark Legal Found. v. DOJ*, 2016 U.S. Dist. LEXIS 135540, *13-14 (D.D.C. Sept. 30, 2016), but the request at issue here is distinctly different.

In *Landmark*, the court held that "[a] request for all the personal emails and other forms of communication by all employees within the three divisions named, along with other Department of Justice employees in leadership positions, is unreasonably burdensome."  *Id*. at *16.  The scope, and resulting burden, of that request far and away exceeds the narrowly tailored request at issue here.  Most obviously, the *Landmark* request sought records from every one of hundreds, if not thousands, of unspecified employees within three different divisions of DOJ. The request also was for a period of more than four years.  In addition, it was not limited to emails, but also sought unspecified records from any "text messaging service, instant messaging service, or any other private electronic communication, included but not limited to those sent via any social media service such as Facebook, Google Plus or other private platform . . . ."  *Id*. at *2.

In contrast, Plaintiff's request seeks records from specific individuals and Plaintiff identified by name the four officials whose records are sought (Secretary Johnson, Deputy Secretary Mayorkas, Chief of Staff Marrone, and General Counsel Bunnell) and specifies the time frame of the records (December 23, 2013 to the December 29, 2015). Plaintiff identified the locations of the records (the unblocked, private email accounts authorized by DHS and for which DHS granted waivers) which are well known to DHS, and the request makes clear that Plaintiff seeks all records in these agency-authorized, unblocked accounts that concern or relate to official government business. Consequently, the requested records are described in reasonably sufficient detail to enable a government employee to locate them without placing an unreasonable burden on DHS.

Any difficulty that might exist, however, is entirely of the agency's own making and the agency's responsibility. In *Competitive Enterprise Institute v. Office of Science and Technology Policy*, 827 F.3d 145 (D.C. Cir. 2016), the Court of Appeals for this Circuit held that that an agency cannot avoid its FOIA responsibilities by allowing an agency employee to remove records from government control by placing them in a private email account. Similarly, in this instance, an agency should not be able to remove records from FOIA by allowing an employee to conceal them among private emails.

DHS granted officials permission to use private email but created no process to ensure that agency officials forwarded all (or even most) of their official emails in their private accounts to their official government accounts. Tellingly, the agency does not claim, much less attempt to prove, that all emails were forwarded from private accounts to government accounts, printed out, or otherwise preserved, such that they are accessible through FOIA. Hence, DHS's claim that it has conducted searches of the official accounts is of no consequence and in no way relieves the

agency of its FOIA responsibility.  By failing to search these private accounts for records responsive to Plaintiff's request, DHS is violating FOIA.

**V.      Conclusion.**

For the reasons stated above, Plaintiff respectfully requests that Defendant's Motion for Partial Summary Judgment be denied, that Plaintiff's Cross-Motion for Summary Judgment be granted, and that DHS promptly search for and produce all records responsive to Plaintiff's FOIA request.

Dated:  November 21, 2016                          Respectfully submitted,

                                                   */s/ James F. Peterson*
                                                   James F. Peterson
                                                   D.C. Bar No. 450171
                                                   JUDICIAL WATCH, INC.
                                                   425 Third Street SW, Suite 800
                                                   Washington, DC 20024
                                                   (202) 646-5172

                                                   *Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.,         )
         )
         Plaintiff,         )
         v.         )
         )
UNITED STATES DEPARTMENT         )         Civil Action No. 1:16-00967 (RDM)
  OF HOMELAND SECURITY,         )
         )
         Defendant.         )
_____)

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF
MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE
AND PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN
<u>SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGEMENT</u>**

        Plaintiff Judicial Watch, Inc., by counsel and pursuant to Local Civil Rule 7.1(h),

respectfully submits this response to the statement of material facts as to which there is no

genuine dispute by Defendant Department of Homeland Security and Plaintiff's statement of

material facts in support of its cross-motion for summary judgment:

**I.        Plaintiff's Response to Defendant's Statement of Material Facts
        As To Which There Is No Genuine Dispute.**

        1.        Plaintiff submitted a FOIA request to DHS, dated December 29, 2015. *See*

Compl. ¶ 5.

        **Plaintiff's Response:  Undisputed.**

        2.        The request sought:

                1.        Any and all emails regarding, concerning, or relating to
                    official United States Government business sent to or from
                    DHS Secretary Jeh Johnson from December 23, 2013
                    through the present date in which Secretary Johnson used
                    non-".gov" email addresses.

1

2.      Any and all emails regarding, concerning, or relating to
        official United States Government business sent to or from
        DHS Deputy Secretary Alejandro Mayorkas from
        December 23, 2013 through the present date in which
        Deputy Secretary Mayorkas used non-".gov" email
        addresses.

3.      Any and all emails regarding, concerning, or relating to
        official United States Government business sent to or from
        DHS Chief of Staff Christian Marrone from December 23,
        2013 through the present date in which Mr. Marrone used
        non-".gov" email addresses.

4.      Any and all emails regarding, concerning, or relating to
        official United States Government business sent to or from
        DHS General Counsel Stevan Bunnell from December 23,
        2013 through the present date in which Mr. Bunnell used
        non-".gov" email addresses.

Compl. ¶ 5; *see also* ECF No. 8-1.

**Plaintiff's Response:  Undisputed.**

3.      DHS acknowledged receipt of the request via letter dated January 20, 2016. *See*

ECF No. 8-2. In that letter, DHS informed Judicial Watch that it had "determined that [its]

request is too broad in scope or did not specifically identify the records which [it was] seeking."

*Id.* at 2.  DHS explained further that "[r]ecords must be described in reasonably sufficient detail

to enable government employees who are familiar with the subject area to locate records without

placing an unreasonable burden upon the agency," noting that agency regulations "require that

[requesters] describe the records [they] are seeking with as much information as possible to

ensure that our search can locate them with a reasonable amount of effort." *Id.* (citing 6 C.F.R. §

5.3(b)). DHS asked Plaintiff to resubmit its request within thirty days. *See id.* at 3.

**Plaintiff's Response:  Undisputed.**

4.      On May 23, 2016, Plaintiff filed this action under FOIA. ECF No. 1. Defendant

answered on July 21, 2016. ECF No. 8.

   **Plaintiff's Response:  Undisputed.**

   5.      In an August 3, 2016, e-mail, counsel for DHS informed counsel for Plaintiff that

officials named in the FOIA request had thousands of e-mails in their private accounts; that "a

comprehensive search in this case for all e-mails related to government business would require

reading every email sent to or from the individuals' personal email accounts"; and that DHS was

still of the view that Plaintiff's request was overly broad and burdensome. Ex. A to Def.'s Mot.

for Partial S.J., at 1. DHS inquired as to whether Judicial Watch would be willing to work with

DHS "on narrowing the request and crafting manageable search terms."  *Id.*

   **Plaintiff's Response:  Undisputed.**

   6.      In an August 4 reply, counsel for Judicial Watch responded that "'thousands' is

not an extraordinary number of records in a FOIA case" and that "any challenges that DHS may

encounter in separating work from personal emails is the direct result of the agency's agreement

to allow these individuals to use their personal emails accounts and apparent failure to plan how

to search these accounts in the event of FOIA requests."  *Id.*

   **Plaintiff's Response:  Undisputed.**

   7.      DHS Privacy has conducted a search for limited portions of Plaintiff's request.

Specifically, DHS is in the process of searching for and collecting potentially responsive records

that are located on DHS servers. Declaration of James V.M.L. Holzer ¶ 7 (Ex B to Def.'s Mot.

for Partial S.J.).

   **Plaintiff's Response:  Plaintiff disputes that any such search would be in compliance**

**with Plaintiff's request.**

   8.      Regarding Plaintiff's request for records from non-government accounts, DHS

3

have been advised as to the volume of emails in all four named officials' personal email
accounts.

      A.      Secretary Jeh Johnson has advised that he has approximately 17,000 emails in the
sent and inboxes of his personal email account for the time frame of the request.

      B.      Deputy Secretary Alejandro Mayorkas has advised that he has approximately
5,000 emails in the sent and inboxes of his personal email account for the time frame of the
request.

      C.      General Counsel Stevan Bunnell has advised that he has approximately 11,000
emails in the sent and inboxes of his personal email account for the time frame of the request.

      D.      Former Chief of Staff Christian Marrone has advised that he has approximately
500 emails in the sent and inboxes of his personal email account.1

Holzer Decl. ¶ 10–14.

      **Plaintiff's Response:  Plaintiff lacks knowledge as to accuracy of any of the facts
asserted.**

      9.      Neither Secretary Johnson, Deputy Secretary Mayorkas, nor General Counsel
Bunnell is able to devise search terms that could reasonably be expected to identify the universe
of potentially responsive records. This is because Plaintiff's request is unbounded by subject
matter and because none of the officials has indicated that they used their personal email
accounts in any specific way that would lend itself to a sufficient keyword search. Holzer Decl. ¶
15.

      **Plaintiff's Response:  Plaintiff lacks knowledge as to whether any of these
individuals are capable of conducting an appropriate search.  Plaintiff disputes that its
request is not capable of being fulfilled by a keyword search.**

4

II.     **Plaintiff's Statement of Undisputed Material Facts in Support of their Cross-Motion for Summary Judgment.**

1.     DHS blocks all agency personnel from accessing private, internet-based email accounts on agency computers.  *See* Exhibit A (Josh Rogin, "Homeland Security Leaders Bent Rules on Private E-Mail," *Bloomberg View* (July 20, 2015)).

2.     DHS granted "waivers" to each of the four officials referenced in Plaintiff's FOIA request, and as many as 25 other agency officials, authorizing their use of non-".gov" email accounts to conduct official agency business.  *Id*.  DHS "unblocked" these officials' agency computers to enable them to access their private, internet-based email accounts to conduct official agency business.  *Id*.

3.     After public revelation of these waivers, the waivers were revoked.  *See* Exhibit B (NBCNEWS.com, "Sec. Jeh Johnson, 'Whoops' on Using Personal Email at DHS" (July 21, 2015)).

Dated:  November 21, 2016                    Respectfully submitted,


                                             */s/ James F. Peterson*
                                             James F. Peterson
                                             D.C. Bar No. 450171
                                             Judicial Watch, Inc.
                                             425 Third Street SW, Suite 800
                                             Washington, DC 20024
                                             (202) 646-5172

                                             *Counsel for Plaintiff*