# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF HOMELAND SECURITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:16-00967 (RDM) |

## PLAINTIFF'S MOTION FOR PRESERVATION ORDER AND REQUEST FOR EXPEDITED CONSIDERATION

Plaintiff Judicial Watch, Inc., by counsel, respectfully submits this motion for an order requiring Defendant U.S. Department of Homeland Security ("DHS") to preserve the records at issue in this Freedom of Information Act ("FOIA") case.[1] Pursuant to LCvR 7(f), Plaintiff requests a hearing on this motion. As grounds therefor, Plaintiff states as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

1. This is an action under FOIA seeking agency records currently residing in the personal email accounts of senior DHS officials. Briefing on the parties' respective motion and cross-motion for summary judgment concluded on December 22, 2016.

2. The records at issue are in the physical possession of three current agency officials and one former agency official. With the upcoming change in administrations on January 20, 2017, it is likely that the three officials currently in office (Secretary Jeh Johnson, Deputy Secretary Alejandro Mayorkas, and General Counsel Stevan Bunnell) will leave government service.

---

[1] Pursuant to LCvR 7(m), undersigned counsel asked DHS's counsel whether the agency would oppose this motion. A response was not received prior to the filing of this motion.

3.	Counsel for DHS has informed Plaintiff's counsel that DHS has "asked" these officials to preserve the agency records in their possession.  DHS' counsel declined to provide any evidence supporting this assertion.  Because Plaintiff does not know specifically what DHS asked its employees to do and what, if any, other steps DHS has taken to ensure preservation, Plaintiff is concerned DHS's mere requests to its employees are insufficient.  This will be particularly concerning once the officials possessing the emails leave government employment, as the agency will have no control over the actions of these officials.

4.	At the August 29, 2016 Status Conference in this case, the Court noted the importance of preserving the records at issue while this litigation is pending.  Dkt. Entry No. 9 (Tr. at 11).  Counsel for DHS agreed.  *Id*.

5.	A court order requiring preservation of these emails is particularly necessary now as DHS has suggested that these officials may have been acting without authorization by sending emails from these accounts.  Dkt. Entry No. 16 (Def's Reply Mem. In Support of Motion for Partial S.J. and Opp. to Pltf's Cross-Motion for S.J.) at 2-4.  As such, there is no assurance that these officials will abide by a "request" by the agency to preserve these emails, particularly after their employment ends.

6.	An order requiring DHS to take steps to preserve the agency records at issue is consistent with an agency's recordkeeping responsibilities to retain and manage government records subject to the Federal Records Act.  44 U.S.C. §§ 2101-18.  If the agency officials are permitted to leave their employment while retaining agency records in their personal email accounts, it risks creating a situation comparable to that of former Secretary of State Hillary Clinton.  In that instance, it is undisputed that only a portion of Secretary Clinton's emails eventually were returned to the agency.

7.     Plaintiff respectfully <u>requests expedited consideration of this motion</u> in light of the likely imminent departure from government service of the three agency officials possessing agency records in their personal email accounts.

Dated:  December 22, 2016                                   Respectfully submitted,

*/s/ James F. Peterson*
James F. Peterson
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*